UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL D. PRESSLY and TERESA PRESSLY,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHARLES BRUCE HITCHENS and DONNA HITCHENS,<br><br>    Defendants. | CASE NO. C08-5765RJB<br><br>**ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment. Dkt. 23. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an airplane accident which occurred on or about December 11, 2005. Dkt. 1, at 7. Plaintiffs allege that the experimental airplane that Plaintiff Joel Pressly was flying had a left flap that failed. *Id.* The plane was built, in part, and owned by Defendants. Dkt. 10, at 1.

Originally filed in Thurston County, Washington, Superior Court, Plaintiffs' Complaint asserts claims under Washington law for fraud, breach of contract, and negligence. Dkt. 1, at 6-8. Defendants removed the case to federal court pursuant to 28 U.S.C. 1332, based on diversity

of the parties' citizenship. Dkt. 1. Defendants assert a counterclaim for negligence for the loss of the plane. Dkt. 4.

On February 4, 2010, Defendants' Motion for Summary Judgment was granted, in part, and denied, in part. Dkt. 22. All Plaintiffs' claims have been dismissed except for: Plaintiffs' contract claim, based upon payment of $25.00 per hour for Mr. Pressly's flying the plane, and Plaintiffs' negligence claim based on Defendants failure to comply with Federal Aviation Administration inspection regulations. *Id.* The facts surrounding the accident are related in the February 4, 2010, Order on Defendants' Motion for Partial Summary Judgment (Dkt. 22, at 1-5), and are adopted herein by reference.

Plaintiffs' now move to summarily dismiss Defendants' negligence counterclaim. Dkt. 23. Plaintiffs' argue that there is no evidence that "would support that the Plaintiff failed to operate the aircraft properly or committed any act that was a proximate cause of the accident." Dkt. 23, at 4. Defendants oppose the motion, arguing that there is substantial evidence to support their counterclaim, particularly that pilot error caused the accident. Dkt. 25.

## II. DISCUSSION

### A. SUMMARY JUDGMENT - STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

1  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions
2  of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v.*
3  *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

4      The determination of the existence of a material fact is often a close question.  The court
5  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
6  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec.*
7  *Serv., Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of
8  the nonmoving party only when the facts specifically attested by that party contradict facts
9  specifically attested by the moving party.  The nonmoving party may not merely state that it will
10 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
11 to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.
12 Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be
13 presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

14     **B.    NEGLIGENCE COUNTERCLAIM**

15     "In an action for negligence, a plaintiff must prove the existence of a duty, breach of that
16 duty, resulting injury, and proximate causation." *Alhadeff v. Meridian on Bainbridge Island*,
17 *LLC*, 167 Wash.2d 601 (2009)(*citing Curtis v. Lein*, 150 Wash.App. 96, 102-03 (2009)).

18     Plaintiffs raise the *res ipsa loquitur* doctrine, but fail to show that it would apply.  The
19 Court again refers to the February 4, 2010 Order:

20     The doctrine applies when the defendant has exclusive control of the
    instrumentality producing the injury, *Morner v. Union Pac. R. Co.,* 31 Wn.2d
21     282, 296 (1948), and here it is undisputed that Plaintiff Joel Pressly was in control
    of the plane at the time of the accident.  Accordingly, the doctrine is inapplicable
22     here.

23 Dkt. 22, at 9.

24     Defendants assert that it was Mr. Pressly's negligence which caused the place to crash,
25 thereby damaging them.  Dkt. 25.  Mr. Pressly acknowledges that he failed in his duty as a pilot
26 to ensure that the airplane's annual inspections were current.  Dkt. 23.  He argues, however, that
27 his actions were not the cause of the accident. *Id*.
28

"The proximate cause of an injury is that cause which, in a natural and continuous sequence, unbroken by any new, independent cause, produces the [injury complained of] and without which the [injury] would not have occurred." *Stoneman v. Wick Constr. Co.*, 55 Wash.2d 639, 643 (1960). "Proximate cause includes two elements: cause in fact and legal causation. Cause in fact refers to the 'but for' consequences of an act-the physical connection between an act and an injury." *Baughn v. Honda Motor Co., Ltd.*, 107 Wash.2d 127, 142 (1986). "As a determination of what actually occurred, cause in fact is generally left to the jury." *Hartley v. State,* 103 Wash.2d 768, 778 (1985).

In the February 4, 2010, Order on Defendants' Motion for Partial Summary Judgment, this Court held that:

> There are sufficient issues of fact as to both the cause in fact of the accident and the legal cause of the accident to deny the motion for summary dismissal of [Plaintiffs'] negligence claim. Plaintiff[s] [have] pointed to evidence in the record, if believed by a trier of fact, that the factual cause of the accident was the "failure of the left wing flap connection to the torque tube which caused the left flap to retract." Dkt. 13, at 18.
> Moreover, although thin, there is sufficient evidence in the record for a trier of fact to conclude that Defendants' failure to have an annual inspection was the legal cause of the accident. There is evidence in the record that inspection of the flap linkage system, including the suspect part, rod end bearings, and associated hardware would have been done at annual FAA inspection. Dkt. 13, at 13. "If the self-locking nut had been defective, it would not have instantly failed, but would have taken time to loosen off the bolt. Since this area of the aircraft is typically inspected at annual inspection, an annual inspection would likely have shown a loosening nut." Dkt. 13, at 16. "[I]t is highly doubtful that the connection would have gone from completely normal to separation in an instant: hence the need to comply with the annual inspection." Dkt. 13, at 16. There is sufficient evidence, if believed, to conclude that Defendants failure to have the plane inspected was the proximate cause of Mr. Pressly's injuries, and so their motion should be denied.

Dkt. 22, at 10-11. Consistent with this ruling, there are also issues of fact as to whether Mr. Pressly's negligence was the cause in fact and legal cause of the plane crash. Defendants' expert, William Jeffrey Edwards, contends that there is no evidence of a mechanical malfunction here, contrary to Plaintiffs' contentions. Dkt. 12, at 3. Mr. Edwards opines that the accident was caused by pilot error - Mr. Pressly allowed the plane to enter an aerodynamic stall. *Id*. at 4. He further states that "[i]f the left flap had contracted as Plaintiff's contend, however, the plane would have rolled left, not right." *Id.,* at 3. Mr. Edwards notes that:

ORDER
Page 4

> The airplane crashed in a soft, damp, level farm field. . . The airplane left long, narrow, and very shallow (less than two inches deep) impact marks in the soft ground along most of the 320-feet of wreckage trail. . . The shallow impact marks indicate that the airplane was starting to arrest its rate of descent at the time it contacted the ground.  This suggests that the airplane was recovering from a pilot-induced aerodynamic stall just prior to ground contact.  The shallow impact marks are inconsistent with a split-flap condition, in which case [he] would expect to see much shorter and deeper impact marks from a steeper impact angle. . . .The witness descriptions and physical evidence from the crash site are consistent with a pilot-induced aerodynamic stall.

Dkt. 12, at 3-4.  Accordingly, there are issues of fact as to the cause of the crash, and Plaintiffs' motion to summarily dismiss Defendants' counterclaim for negligence (Dkt. 23) should be denied.

Plaintiffs additionally argue that "an issue should exist whether Mr. Hitchens has standing to bring this action."  Dkt. 23, at 3.  Plaintiffs argue that Mr. Hitchens testified that he had been compensated by his insurance company for the loss of the aircraft.  *Id.*

To the extent Plaintiffs intend to raise the issue of standing, it is without merit.  The question of whether Defendants have a counterclaim for negligence against Plaintiffs is a different issue than whether Defendants have a claim (settled or not) against their insurance company, and for what amount.

### III.  ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiffs' Motion for Summary Judgment (Dkt. 23) is **DENIED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of April, 2010.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge